# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

Lyle W. Cayce
Clerk

No. 09-41144

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL GONZALEZ-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-393-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The conviction of Daniel Gonzalez-Garcia for unlawfully transporting illegal aliens is appealed only to contest the denial of his motion to suppress evidence obtained from stopping his vehicle. The only question briefed is whether the stop violated the Fourth Amendment.

The parties know well the law and the testimony of the Border Patrol agent, which we have now studied and need not repeat. We look at all of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41144

circumstances and whether they will support a reasonable suspicion of criminal activity.

The evidence supports a finding of reasonable suspicion. The vehicle was stopped in an area extremely notorious for alien smuggling. It was not local and somewhat out of place for 7:30 a.m. on a Saturday morning. The agent had over fourteen years' experience as a border patrol agent, handled between 20 to 25 alien smuggling cases each year, and estimated that ninety percent of the vehicle stops he made involved a violation. The defendant behaved abnormally by avoiding looking over at the agent as the agent drove alongside him for a mile or two. We agree with the ruling of the able district judge. Although the dissent cursorily recognizes that many of the relevant factors support reasonable suspicion, it fails to afford them due weight.

Defendant stipulated to the truth that he knew he was transporting illegal aliens.

AFFIRMED.

No. 09-41144

BENAVIDES, Circuit Judge, dissenting.

I respectfully dissent. The majority runs afoul of our long-established rule that proximity to the border is a "paramount factor" in finding reasonable suspicion.  Here, in light of the whole picture of evidence presented, the stop occurred too far from the border to support reasonable suspicion.  Most of the Government's evidence was not unique to Gonzalez-Garcia and could as easily have applied to innumerable other drivers.  And the evidence that was truly particularized—like the fact that Gonzalez-Garcia failed to make eye contact with the border-patrol agent—does not pass Fourth Amendment muster.

I turn briefly to first principles.  "[O]fficers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country."[1]  This Court "commonly refer[s] to eight factors when deciding whether an agent had reasonable suspicion to stop a vehicle."[2]  These are: "(1) proximity of the area to the border; (2) known characteristics of the area; (3) usual traffic patterns on that road; (4) agent's previous experience in detecting illegal activity; (5) information about recent illegal trafficking in aliens or narcotics in the area; (6) particular aspects or characteristics of the vehicle; (7) behavior of the driver; and (8) the number, appearance, and behavior of the passengers."[3]  In other words, these factors safeguard the bedrock principle that "[r]easonable suspicion requires more than a mere unparticularized hunch."[4]

---

[1] *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975).

[2] *United States v. Orozco*, 191 F.3d 578, 581 (5th Cir. 1999)

[3] *Id.* at 581 (citing *United States v. Samaguey*, 180 F.3d 195, 198 (5th Cir. 1999)).

[4] *United States v. Hernandez*, 477 F.3d 210, 213 (5th Cir. 2007) (citing *United States v. Gonzalez*, 190 F.3d 668, 671 (5th Cir. 1999)).

No. 09-41144

It has long been our rule that the first *Brignoni-Ponce* factor, proximity to the border, is a "paramount factor in determining reasonable suspicion."[5] If an officer's proffered suspicion does not rest on proximity to the border, "the facts offered by the government to support a reasonable suspicion will be examined charily,"[6] or "most carefully."[7] This Court "does not adhere to a bright line test with regard to this factor."[8] But our benchmark rule has been that we will not find proximity to the border where a stop occurs more than 50 miles from the border.[9]

Here, this "paramount factor" weighs decisively against finding reasonable suspicion. The stop occurred well beyond our 50-mile benchmark. At the time of the stop, Gonzalez-Garcia was traveling northbound on Highway 281, "at least" 25 miles north of a United States Border Patrol checkpoint in Falfurrias, Texas. (Falfurrias is about 75 miles north of the United States–Mexico border.) In other words, the stop occurred some 100 miles north of the border, at least twice as far as our long-established benchmark. This was not a close case.

Given that the stop occurred so far beyond the 50-mile benchmark, the whole picture that emerges in this case does not yield reasonable suspicion. Most of the Government's evidence could have applied to any number of drivers

---

[5] *United States v. Zapata-Ibarra*, 212 F.3d 877, 881 (5th Cir. 2000) (quoting *Orozco*, 191 F.3d at 581) (internal quotation marks omitted); *see also United States v. Nichols*, 142 F.3d 857, 867 (5th Cir. 1998) (referring to proximity to the border as a "vital element" that "contributes significantly to the reasonableness of the Border Patrol agents' suspicions").

[6] *United States v. Inocencio*, 40 F.3d 716, 722–23 (5th Cir. 1994) (citing *United States v. Salazar-Martinez*, 710 F.2d 1087, 1088 (5th Cir. 1983), and *United States v. Henke*, 775 F.2d 641, 645 (5th Cir. 1985)).

[7] *United States v. Rodriguez-Rivas*, 151 F.3d 377, 380 (5th Cir. 1998) (holding that, when proximity to the border is lacking, the Court should look at the other factors "most carefully").

[8] *United States v. Jacquinot*, 258 F.3d 423, 428 (5th Cir. 2001).

[9] *Id.* (citing *Zapata-Ibarra*, 212 F.3d at 881).

No. 09-41144

on Highway 281 at the time of the stop: Gonzalez-Garcia's truck was not a ranch truck; he was driving on a common smuggling route (which is also a major U.S. highway); the time of day was one favored by smugglers. The Government also noted that Gonzalez-Garcia was not driving directly toward the town where his car was registered. However, it failed to present any evidence that Gonzalez-Garcia was actually en route to his home at the time of the stop.

The Government leans heavily on the fact that Gonzalez-Garcia failed to make eye contact with the border-patrol agent. This fact, standing alone, is not enough to support reasonable suspicion. Our rule has been that a simple lack of eye contact, without more, should be accorded "little weight,"[10] or "no weight."[11]   Indeed, in one of our cases, *United States v. Orozco*, we found reasonable suspicion where a driver failed to make eye contact with an agent. But there, the Government presented evidence that the agent was conspicuously trying to garner the driver's attention: the agent rolled down his window and honked his horn at the driver. Thus, in *Orozco*, there was a reasonable inference that the driver was being deliberately evasive. There is no such evidence here. The agent testified that he drove alongside Gonzalez-Garcia for 60 to 120 seconds, but he did nothing further to try to catch his attention. And as even the district court recognized, failure to look at the next driver over could as easily have indicated that Gonzalez-Garcia was "bored" or "not being a careful driver" than that he was engaged in criminal activity.

In sum, the evidence presented in this case falls far short of creating a reasonable, particularized suspicion that Gonzalez-Garcia was engaged in criminal activity at the time of the stop. Rather, in my view, the officer here acted on the kind of unparticularized "hunch" that we have long held insufficient

---

[10] *United States v. Moreno-Chaparro*, 180 F.3d 629, 632 (5th Cir. 1998).

[11] *United States v. Chavez-Villareal*, 3 F.3d 124, 127 (5th Cir. 1993).

No. 09-41144

to support a stop for Fourth Amendment purposes.  This panel should reverse the district court's ruling on the motion to suppress and render an acquittal.